IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  05-cv-2053-ZLW-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHEMICAL WASTE MANAGEMENT, INC.,

    Defendant.

_____

**CONSENT DECREE**
_____

**TABLE OF CONTENTS**

I.    BACKGROUND ........................................................................................ - 1 -

II.    JURISDICTION ......................................................................................... - 1 -

III.    PARTIES BOUND .................................................................................... - 1 -

IV.    DEFINITIONS .......................................................................................... - 2 -

V.    PAYMENT OF RESPONSE COSTS ........................................................ - 3 -

VI.    FAILURE TO COMPLY WITH CONSENT DECREE ............................ - 4 -

VII.    COVENANT NOT TO SUE BY PLAINTIFF ........................................... - 5 -

VIII.    RESERVATIONS OF RIGHTS BY UNITED STATES ........................... - 6 -

IX.    COVENANT NOT TO SUE BY SETTLING DEFENDANT .................... - 6 -

X.    EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ............. - 7 -

XI.    RETENTION OF RECORDS .................................................................... - 8 -

XII.    NOTICES AND SUBMISSIONS .............................................................. - 9 -

XIII.   RETENTION OF JURISDICTION ............................................................. - 9 -

XIV.   INTEGRATION/APPENDICES .................................................................. - 9 -

XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................. - 10 -

XVI.   SIGNATORIES/SERVICE ........................................................................ - 10 -

XVII.  FINAL JUDGMENT ................................................................................ - 10 -

## CONSENT DECREE

### I. BACKGROUND

A.      The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9607(a), as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Weld County Disposal Facility, 4982 Weld County Road 35, Weld County, Colorado, (the "Site")

B.      The defendant, Chemical Waste Management, Inc. ("Settling Defendant"), enters into this Consent Decree without any admission of liability to the Plaintiff arising out of the transactions or occurrences alleged in the United States' complaint in this action.

C.      The United States and the Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, it is ORDERED, ADJUDGED, AND DECREED:

### II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Plaintiff and Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree, the entry of this Consent Decree, or this Court's jurisdiction to enforce this Consent Decree.

### III. PARTIES BOUND

2.     This Consent Decree is binding upon the United States, and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of the Settling Defendant under this Consent Decree.

### IV. DEFINITIONS

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

(a)     "**CERCLA**" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq;

(b)     "**Consent Decree**" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control;

(c)     "**Day**" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

(d)     "**DOJ**" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States;

(e)     "**Effective Date**" of this Consent Decree shall mean the date upon which it is entered by this District Court;

(f)     "**EPA**" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States;

(g)     "**EPA Hazardous Substance Superfund**" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507;

(h)     "**Interest**"shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

(i)     "**Paragraph**" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter;

(j)     "**Parties**" shall mean the United States and the Settling Defendant;

(k)     "**Past Response Costs**" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the Effective Date of this Consent Decree, plus accrued Interest on all such costs through such Effective Date;

(l)     "**Plaintiff**" shall mean the United States.

(m)     "**Section**" shall mean a portion of this Consent Decree identified by a Roman numeral;

(n)     "**Site**" shall mean the Weld County Disposal Facility Site, Weld County, Colorado, located in Section 12, T1N, R66W, approximately 4 ½ miles east of Fort Lupton, Colorado, generally shown on the map included in Appendix A. The facility address is 4982 Weld County Road 35, Weld County, Colorado; and

(o)     "**United States**" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4.     <u>Payment of Past Response Costs to EPA</u>.  Within thirty (30) days after notice to Settling Defendant of the Effective Date of this Consent Decree, Settling Defendant shall pay to EPA $1,025,442.00.

5.     Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to the Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Colorado following lodging of the Consent Decree.

6.     At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 089-97, and the DOJ case number, 90-7-1-831/2, and the civil action number.

7.     The total amount to be paid by Settling Defendant pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8.  Interest on Late Payments.  If the Settling Defendant fails to make any payment under Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.  Stipulated Penalty.

(a)   If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $ 2,500.00 per day that such payment is late.

(b)   Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site/Spill Identification Number 08-9T, the DOJ case number, 90-7-1-831/2, and the civil action number.  Settling Defendant shall send the check (and any accompanying letter) to:

Regular Mail:      Mellon Bank
                   Attn: Superfund Accounting
                   Lockbox 360859
                   Pittsburgh, PA 15251-6859

Overnight Mail:    U.S. EPA, 360859
                   Mellon Client Service Center Rm 670
                   500 Ross Street
                   Pittsburgh, PA 15262-0001

Wire Transfers:    Wire transfers must be sent directly to the Federal Reserve Bank in New York City with the following information:

                   ABA = 021030004
                   TREAS NYC/CTR/
                   BNF=/AC-68011008

(c)   At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions).

Such notice shall reference the name and address of the party making payment, the Site/Spill Identification Number 08-9T, the DOJ case number, 90-7-1-831/2, and the civil action number.

   (d) Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

 10. If the United States brings an action to enforce this Consent Decree, the Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

 11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

 12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

 13. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII.  COVENANT NOT TO SUE BY PLAINTIFF

 14. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against the Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by the Settling Defendant of its obligations under this Consent Decree. The foregoing covenant not to sue extends to Settling Defendant and Settling Defendant's predecessors-in-interest, Waste Transport, Inc. only and to no other person.

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

 15. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 14. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against the Setting Defendant with respect to:

(a) liability for failure of the Settling Defendant to meet a requirement of this Consent Decree;

(b) liability for any response costs to be incurred by the United States in connection with the Site that are not within the definition of Past Response Costs;

(c) c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

(d) liability arising from the past, present, or future disposal, release or threat of release of hazardous substances or pollutants or contaminants outside of the Site;

(e) criminal liability; and

(f) liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

16. The Settling Defendant covenants not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

(a) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

(b) any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Colorado, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

(c) any claim against the United States relating to or arising from Past Response Costs under any legal or equitable theory, including but not limited to any claims pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. § 9607 and 9613,

17. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs as defined herein.

20. The Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than sixty (60) days prior to the initiation of such suit or claim. The Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, the Settling Defendant shall notify EPA and DOJ within ten (10) days of service or receipt of any Motion for Summary Judgment, and within ten (10) days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

21. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI.  RETENTION OF RECORDS

22. Until five (5) years after the Effective Date of this Consent Decree, the Settling Defendant shall preserve and retain all documents now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

23. After the conclusion of the five (5) - year document retention period in the preceding Paragraph, Settling Defendant shall notify EPA and DOJ at least ninety (90) days prior to the destruction of any such records, and, upon request by EPA or DOJ, the Settling Defendant shall deliver any such records to EPA. The Settling Defendant may assert that certain records are

privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: a) the title of the record; b) the date of the record; c) the name, title, affiliation (e.g., company or firm), and address of the author of the record; d) the name and title of each addressee and recipient; e) a description of the subject of the record; and f) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. The Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

24.  The Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII.  NOTICES AND SUBMISSIONS

25.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to Plaintiff in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and the Settling Defendant, respectively:

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DJ # 90-7-1-831/2

As to EPA:

Katherine Bradford
United States Environmental Protection Agency - 8ENF-RC
999 18th Street, Suite 300

Denver, CO 80202-2466
Phone: 303-312-6641

As to Settling Defendant

Steven M. Morgan
Assistant General Counsel

Waste Management Inc.
1001 Fannin, Suite 4000
Houston, Texas 77002

## XIII.  RETENTION OF JURISDICTION

26. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.  INTEGRATION/APPENDICES

27. This Consent Decree and its appendix constitutes the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.  Settling Defendant consents to the entry of this Consent Decree without further notice.

29. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

30. The undersigned representative of the Settling Defendant to this Consent Decree and the undersigned representative of the United States Department of Justice certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

31. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

32. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII.  FINAL JUDGMENT

33. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED** THIS  3   DAY OF  January , 2005 .

_____
United States District Judge

**THE UNDERSIGNED PARTIES** enter into this Consent Decree in the matter of United States v. Chemical Waste Management, Inc., Civ. No. 05-cv-2053-ZLW-MJW (D. Colorado) relating to the Weld County Disposal Superfund Site.

                              FOR THE UNITED STATES OF AMERICA

Date: October 18th 2005    S/ Kelly A. Johnson
                                  KELLY A. JOHNSON
                                  JOHN CRUDEN
                                  Acting Assistant Attorney General
                                  Environment and Natural Resources Division
                                  U.S. Department of Justice
                                  P.O. Box 7611
                                  Washington, D.C.  20044-7611

<div style="margin-left: 3in;">

S/ John N. Moscato
JOHN N. MOSCATO
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
999 18th Street, Suite 945 N
Denver, CO 80202

</div>

**THE UNDERSIGNED PARTIES** enter into this Consent Decree in the matter of United States v. Chemical Waste Management, Inc., Civ. No. 05-cv-2053-ZLW-MJW (D. Colorado) relating to the Weld County Disposal Superfund Site.

<div style="text-align: center;">FOR THE U.S. EPA</div>

Date:   October 12, 2005      S/ Eddie A. Sierra for
                              CAROL RUSHIN
                              Assistant Regional Administrator, Region 8
                              Office of Enforcement, Compliance and
                              Environmental Justice
                              U.S. Environmental Protection Agency
                              999 18th Street, Suite 300
                              Denver, Colorado 80202 - 2466

Date:   October 4, 2005       S/ Katherine Bradford
                              KATHERINE BRADFORD
                              United States Environmental Protection Agency-8ENF-RC
                              999 18th Street, Suite 300
                              Denver, CO 80202-2466

**THE UNDERSIGNED PARTIES** enter into this Consent Decree in the matter of United States v. Chemical Waste Management, Inc., Civ. No. 05-cv-2053-ZLW-MJW (D. Colorado) relating to the Weld County Disposal Superfund Site.

**FOR THE SETTLING DEFENDANT CHEMICAL WASTE MANAGEMENT, INC.**

Date: September 6, 2005          S/ Steven Richtel
                                 Agent Authorized to Accept Service on Behalf of Above-signed Party:
                                 The Corporation Company
                                 Registered Agent
                                 1675 Broadway
                                 Denver, Co  80202